## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| ESTATE OF MICHAEL TARASEVICH, by and through PAUL TARASEVICH, Executor,<br>    Plaintiff,<br><br>v.<br><br>FEDERAL RETIREMENT THRIFT INVESTMENT BOARD; RAVINDRA DEO, in her capacity as Executive Director of Federal Retirement Thrift Investment Board; and PAMELA PARISI, alias (formerly known as PAMELA F. TARASEVICH),<br>    Defendants. | C.A. No. 21-295-JJM-LDA |

## MEMORANDUM AND ORDER

JOHN J. MCCONNELL, JR., United States District Chief Judge.

The Estate of Michael Tarasevich, through its Executor Paul Tarasevich, filed this suit to determine who should receive Mr. Tarasevich's Federal retirement benefits after his passing – the Thrift Savings Plan ("TSP") documents designate his ex-wife Pamela Parisi but the Tarasevich's divorce decree states that Ms. Parisi gave up those benefits. Defendants Federal Retirement Thrift Investment Board, Ravindra Deo in her capacity as Executive Director, and Pamela Parisi, filed a motion to dismiss for failure to state a claim upon which relief may be granted according to Rule 12(b)(6) of the Federal Rules of Civil Procedure. ECF Nos. 22, 28. After a

thorough review of the pleadings and exhibits provided along with the relevant substantive and procedural law, this Court GRANTS the Motion to Dismiss.

## I.   BACKGROUND

Mr. Tarasevich worked for the Transportation Security Administration ("TSA") and enrolled in its TSP retirement program. The Federal Retirement Thrift Investment Board administers the TSP along with Ravindra Deo (collectively the "Government").

Mr. Tarasevich submitted a TSP-3 Form to TSA where he designated Ms. Parisi as his beneficiary. The couple subsequently divorced, and the parties entered a property settlement agreement in 2007 where Ms. Parisi also signed a waiver forfeiting any claim to Mr. Tarasevich's TSP retirement account.

Mr. Tarasevich passed away unexpectedly on December 27, 2020. Mr. Tarasevich's Estate ("Estate"), with Paul Tarasevich as Executor, requested the distribution from Mr. Tarasevich's retirement account even though Ms. Parisi remained the sole named beneficiary on his TSP. Kenneth Warford—a Supervisory Benefits Specialist for the Government—denied the Estate's request and provided a declaration that the Government did not receive any updated TSP-3 Form from Mr. Tarasevich to alter the beneficiary of his retirement account or notice of Ms. Parisi and Mr. Tarasevich's divorce decree prior to Mr. Tarasevich's death.

The Estate sued the Government and Ms. Parisi, pleading that it is entitled to Mr. Tarasevich's TSP funds. The Estate further asserts that if the TSP pays the

funds to Ms. Parisi, a constructive trust should be created.  The Government, joined by Ms. Parisi, moved to dismiss for failure to state a claim.  ECF Nos. 22, 28.

## II.    STANDARD OF REVIEW

The Federal Rules of Civil Procedure Rule 12(b)(6) challenges the plausibility of claims at the outset of litigation.  To defeat a motion to dismiss for failure to state a claim, the complaint must contain "factual allegations…enough to raise a right to relief above a speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citing 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp 235-36 (3d ed. 2004)).  While detailed factual allegations are unnecessary, a plaintiff must plead "only enough facts to state a claim to relief that is plausible on its face." *Id.* at 555, 570.  Thereby, "nudg[ing] their claims across the line from conceivable to plausible." *Id.* at 570.  "[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

## III.    FEDERAL EMPLOYEES' RETIREMENT SYSTEM ACT

The Federal Employees' Retirement System Act (FERSA) governs the order of precedence to distribute a deceased participant's TSP account benefits:

> First, to the beneficiary or beneficiaries designated by the employee or Member in a signed and witnessed writing received in the Office before the death of such employee or Member.  For this purpose, a designation, change, or cancellation of beneficiary in a will or other document not so executed and filed has no force or effect.
>
> Second, if there is no designated beneficiary, to the widow or widower of the employee or Member.
>
> Third, if none of the above, to the child or children of the employee or Member and descendants of deceased children by representation.

Fourth, if none of the above, to the parents of the employee or Member or the survivor of them.

Fifth, if none of the above, to the duly appointed executor or administrator of the estate of the employee or Member.

Sixth, if none of the above, to such other next of kin of the employee or Member as the Office determines to be entitled under the laws of the domicile of the employee or Member at the date of death of the employee or Member.

5 U.S.C. § 8424(d). The statute also sets forth how a participant can change their designated beneficiary. The participant must "submit to the TSP record keeper a new TSP designation of beneficiary." 5 C.F.R. § 1651.4. The TSP form must be "received by the TSP record keeper on or before the date of the participant's death." *Id.* at 1651.3.

Mr. Tarasevich did not update his TSP beneficiary designation form after his divorce or any time before his death to reflect his agreement with Ms. Parisi and the state court's order, so she remained his beneficiary of record to his employer's knowledge.

The parties disagree whether state common law or federal statutory law apply. Relying on United States Supreme Court precedent, the Estate argues that state law applies as there is "limited application of federal law in the field of domestic relations generally." *Ridgeway v. Ridgeway*, 454 U.S. 46, 54 (1981) (citing *McCarty v. McCarty*, 453 U.S. 210, 220 (1981); *Hisquierdo v. Hisquierdo*, 439 U.S. 572, 581 (1979); *In re Burrus*, 136 U.S. 586, 593-94 (1890)). The Supreme Court went on the say that the "relative importance to the State of its own law is not material when there is a conflict with a valid federal law, for the Framers of our Constitution provided that the federal

4

law must prevail." *Id.* at 54-55 (quoting *Free v. Bland*, 369 U.S. 663, 666 (1962)) (citing *Gibbons v. Ogden*, 9 Wheat 1, 210-11 (1824)).

While Ms. Parisi and Mr. Tarasevich entered a divorce decree in Rhode Island where she waived all rights to Mr. Tarasevich's retirement account, it plainly conflicts with his TSP beneficiary designation and the order of precedence outlined in FERSA. When state domestic relations law conflicts with provisions of a federal statute, the federal law controls. *See Ridgeway*, 454 U.S. at 54-55; *Hillman v. Maretta*, 569 U.S. 483, 485, 497 (2020) (where the Supreme Court considered a conflicting state statute regarding beneficiary designation reliant on marital status with the Federal Employees' Group Life Insurance Act ("FEGLIA"),[1] it concluded "where a beneficiary has been duly named, the insurance proceeds she is owed under FEGLIA cannot be allocated to another person by operation of state law.").

Despite the hesitancy of this Court to wade into domestic relations matters, because there is a conflict, federal law controls.[2] Therefore, the Court finds that the federal statutorily mandated order of precedence in FERSA, and the regulations governing the process for changing beneficiaries, preempts the divorce decree, *See* 5 U.S.C. § 8424(d), 5 C.F.R. §§ 1651.3, 1651.4, and grants the Government and Ms. Parisi's Motion to Dismiss.

---

[1] Additionally, the language of the order of precedence under FEGLIA is nearly identical to the order of precedence laid out in FERSA. 5 U.S.C. § 8705; 5 U.S.C. § 8424(d).

[2] Because of the Court's ruling on the motion to dismiss, this Court need not address the Government's arguments on the lack of subject matter jurisdiction and the failure to state a claim for equitable estoppel.

## IV.  CONSTRUCTIVE TRUST

The Estate argues, in Count IV, for the creation of a constructive trust.  The First Circuit Court of Appeals ruled in *Metropolitan Life Insurance Company v. Zaldivar* when FEGLIA preempted a state law claim relying on a divorce decree, the order of precedence under FEGLIA preempted the state law claim for a constructive trust.  413 F.3d 119, 120 (1st Cir. 2005) (citing *Ridgeway*, 454 U.S. at 70).  The First Circuit found that the named beneficiary must be honored as reflected in FEGLIA even though it clashes with the state divorce decree.  *See id.* at 121; *see also Ridgeway*, 454 U.S. at 60 (designated beneficiary must receive the policy amount because the Servicemen's Group Insurance Act preempted the lower court's creation of a constructive trust relying on a divorce decree).

There can be no constructive trust in this case.  FERSA lays out the order of precedence and Mr. Tarasevich never updated his original beneficiary designation of his then-wife upon his divorce or prior to his untimely death.  Therefore, despite his and Ms. Parisi's state law divorce decree and waiver, the FERSA language preempts the creation of a constructive trust.[3]

## V.  CONCLUSION

The Court GRANTS the Government's Motion to Dismiss.  ECF No. 22, 28.

---

[3] While this outcome is precepted by precedent emerging from the First Circuit, the Court does not comment on whether there may be a state-based claim for a constructive trust.

IT IS SO ORDERED.

John J. McConnell, Jr.
Chief United States District Judge

November 4, 2022